IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AHMAD ABDOLI,

    Petitioner,

v.                                                                       No. 1:26-cv-00134-SMD-GJF

GEORGE DEDOS, Warden, Cibola County
Correctional Center; MARY DE ANDA-
YBARRA, Field Office Director, El Paso
Field Office, U.S. Immigration and Customs
Enforcement; TODD M. LYONS, Acting
Director, U.S. Immigration and Customs
Enforcement; and KRISTI NOEM, Secretary,
U.S. Department of Homeland Security,

    Respondents.

## ORDER

THIS MATTER is before the Court on Petitioner Ahmad Abdoli's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 2) and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, the Petition is GRANTED and the Emergency Motion is denied as moot.

## BACKGROUND

Petitioner is a 65-year-old Iranian national who has lived in the United States since March 1979. Doc. 2 at 10. In January 1990, an Immigration Judge denied asylum and issued an order of deportation. *Id.* at 2. In 1994, the former Immigration and Naturalization Service requested removal to the United Kingdom at Petitioner's request, but the United Kingdom declined to accept Petitioner. *Id.* at 12. Since at least September 2001, Petitioner has been under an order of

supervision, initially reporting monthly to the INS Deportation Office in Tampa, Florida. Doc. 2-3 at 2.

On June 22, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner in his driveway outside his home in Valrico, Florida. Doc. 2 at 13. At the time of Petitioner's arrest, he was residing in Florida and reporting annually under the terms of his order of supervision. *Id.* at 1, 20. Petitioner was told he was being detained based on an Executive Order. *Id.* at 13. On June 23, 2025, the day after Petitioner's arrest, the Department of Homeland Security ("DHS") issued a Notice of Revocation of Release signed by a Supervisory Deportation and Detention Officer. *See* Doc. 13-2. The Notice appeared to be addressed to Petitioner, who was then in ICE custody, but stated that "On June 14, 2013, you were ordered removed to Honduras by an authorized U.S. DHS/DOJ official and you are subject to an administratively final order of removal." *Id.* At the hearing on Petitioner's Emergency Motion and Petition, Respondents indicated that this reference was in error and the Government did not have any documentation of a June 2013 order of removal to Honduras.

In October 2025, Petitioner had an interview with a representative of the government of Iran to confirm citizenship. Doc. 13-1 at 2. Petitioner was told that there were no Iranian records pertaining to him and that the government of Iran did not consider him a citizen. Doc. 2 at 3. In December 2025, Petitioner met with an ICE officer and supervisor, and was told that the attempts to remove him to Iran were unsuccessful. *Id.* at 3–4. Respondents' position is that they have not received a denial of the travel document request, and therefore removal efforts are ongoing with a likelihood of removal in the reasonably foreseeable future. *See* Doc. 13 at 5.

On January 23, 2026, Petitioner filed his Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 2. On January 26, 2026, Petitioner filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Doc. 4. Respondents filed their Consolidated Response to the Petition and the Motion on February 9, 2026, and Petitioner filed his Consolidated Reply on February 10, 2026. The Court held hearing on the Petition and Emergency Motion on February 10, 2026. Petitioner is currently held at Cibola County Correctional Center in Milan, New Mexico, and as of the date of this Order, has been detained for 234 days. During this time, Respondents have not been able to obtain documents to remove Petitioner to Iran or any other country.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Under 8 U.S.C. § 1231(a)(1), the Government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the Government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite detention, however, is not permitted. *Zadvydas*, 533 U.S. at 689 ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is not practically attainable, detention no longer serves its statutory purpose of

"assuring the alien's presence at the moment of removal." *Id.* at 699. The Court established a "presumptively reasonable period of detention" of six months "for the sake of uniform administration in the federal courts." *Id* at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing. *Id.* If the Government cannot establish a significant likelihood of removal in the reasonably foreseeable future, continued detention is no longer authorized by statute. *Id.* at 699–700. In that case, the Government can continue to keep tabs on the noncitizen through reasonable conditions of supervision while it continues removal efforts.

Petitioner has been in custody since June 2025, and the six-month period for presumptively reasonable detention has expired. Petitioner asserts that a representative from the government of Iran told him there were no Iranian records of Petitioner and that the government of Iran does not consider him a citizen. *See* Doc. 2 at 3. Petitioner plausibly alleges there is no good reason to believe that his removal is significantly likely in the reasonably foreseeable future. The burden therefore shifts to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Respondents argue that because they have not received a *denial* of the travel document request from the government of Iran, there remains a likelihood of removal in the reasonably foreseeable future. *See* Doc. 13 at 5. Respondents do not dispute that the United States has not had diplomatic relations with Iran since 1980. Respondents advised the Court that they are not presently considering removal to any other country. While Respondents disagree that ICE recommended Petitioner's release from detention, they cannot dispute that the Government has been unable to remove Petitioner to Iran since June 2025, or since 1994 for that matter.

Respondents have not provided a legal basis for Petitioner's continued detention. Petitioner is therefore entitled to relief pursuant to § 2241.

## CONCLUSION

The Court finds no significant likelihood Petitioner will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*, and he remains subject to the terms of the order of supervision that was in effect at the time of his arrest on June 22, 2025. Accordingly, is hereby ORDERED:

1) The Verified Petition for Writ of Habeas Corpus (Doc. 2) is granted.

2) Respondents shall release Petitioner within 24 hours of the entry of this Order.

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where he can be collected, and by providing identity documents sufficient to board a domestic flight to return to Florida.

4) Respondents shall file a notice of compliance within 48 hours of Petitioner's release and notify the Court of the date, time, and manner of Petitioner's release.

5) Respondents are enjoined from re-detaining Petitioner or revoking Petitioner's order of supervision without providing Petitioner with timely notice of the grounds for revocation and an opportunity to respond.

6) Respondents are enjoined from removing or seeking to remove Petitioner to any third country without providing Petitioner with timely notice and meaningful opportunity to respond in a reopened removal proceeding before an Immigration Judge.

7) The Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4) is denied as moot.

8) The Clerk of Court shall enter judgment accordingly and close this case.

   IT IS SO ORDERED.

   _____
   **SARAH M. DAVENPORT**
   **UNITED STATES DISTRICT COURT JUDGE**